UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CHARMAYNE HUTCHINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AARON'S, INC., ) <br> ) <br> Defendant. ) <br> ) | **Case No.:** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collections Practices)** |

# COMPLAINT

CHARMAYNE HUTCHINS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AARON'S, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Georgia, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Atlanta, Georgia 30310.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its mailing address located at 309 East Paces Ferry Road, Atlanta, GA 30305.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff have a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as she would routinely encounter a noticeable delay or pause prior to speaking to one of Defendant's callers.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Desiring to stop these repetitive calls, Plaintiff spoke to Defendant shortly after the calls commenced and insisted that Defendant stop calling her.

17. Defendant heard and acknowledged this request to stop calling.

18. Once Defendant was notified that the calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

19. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

20. Defendant proceeded to ignore Plaintiff's revocation as well as repeated instructions to stop calling her cellular telephone and continued to call her repeatedly.

21. The foregoing conduct was in violation of the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

24. Defendant's calls to Plaintiff were not made for "emergency purposes."

25. After Defendant was told to stop calling, Defendant knew or should have known it did not have "prior express consent" to call and that any consent it may have thought it had to call was revoked, yet Defendant intentionally and knowingly continued to place autodialed calls to Plaintiff's cellular telephone.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHARMAYNE HUTCHINS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CHARMAYNE HUTCHINS, demands a jury trial in this case.

Respectfully submitted,

Date: January 9, 2020

By: /s/ Dennis R. Kurz
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Ferry Road
Building 17, Suite 200
Marietta, GA 30067
Phone: (678) 264-8003
Fax: (855) 438-5879
dennis@kurzlawgroup.com

PLAINTIFF'S COMPLAINT

**CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Dated: January 9, 2020

Respectfully submitted,

By: <u>/s/ Dennis R. Kurz</u>
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Ferry Road
Building 17, Suite 200
Marietta, GA 30067
Phone: (678) 264-8003
Fax: (855) 438-5879
dennis@kurzlawgroup.com